# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 19, 2002

## STATE OF TENNESSEE v. TRICIA ANN LANDRY

**Appeal from the Circuit Court for Blount County**
**No. C-13231     W. Dale Young, Judge**

---

**No. E2001-02567-CCA-R3-CD**
**July 25, 2002**

---

The defendant, Tricia Ann Landry, was convicted of theft over $500.00 and theft over $1,000.00. The trial court imposed concurrent Range I sentences of two years and three years, respectively. Later, the defendant was determined to have violated her probation. The trial court ordered service of the sentence in the Department of Correction. In this appeal of right, the defendant argues that the trial court should have granted an alternative sentence. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Steve McEwen, Mountain City, Tennessee (on appeal), and Mack Garner, District Public Defender (at trial and on appeal), for the appellant, Tricia Ann Landry.

Paul G. Summers, Attorney General & Reporter; Christine M. Lapps, Assistant Attorney General; and Tammy M. Harrington, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On May 2, 2001, the defendant entered pleas of guilt to two counts of theft. The trial court imposed an effective sentence of three years but ordered that the sentence be served on supervised probation and imposed the following conditions:

(1)     that the defendant complete the Blount County drug court program;
(2)     that the defendant perform 100 hours of community service; and
(3)      that the defendant pay restitution, court costs, and $10.00 per week as compensation for treatment services.

On May 29, 2001, the defendant tested positive for cocaine and withdrew from the drug treatment program. There was testimony from Beverly Kerr, a state probation officer, that the

defendant had missed at least one prior session in the program. According to Ms. Kerr, the defendant then entered the Great Starts program sponsored by the health department in Knoxville. Less than one month after entering the program in June, however, the defendant had a relapse, used cocaine, and was asked to leave the program. Afterward, she entered the Sisters of the Rainbow program in Knoxville, an alcohol and drug management program sponsored by the health department. On August 21, the defendant, after being asked to submit to a drug screen, admitted to a Knoxville probation officer that she had used cocaine. The defendant was charged with prostitution in Knox County, first on August 26 and then on September 14. At the time of her revocation hearing, the September charge was still pending. Ms. Kerr testified that the defendant had "exhausted pretty much every program" and recommended revocation "for her own safety as well as the safety of others."

The defendant, age 29, was single at the time of the hearing. Her seven-month-old daughter lived with her mother in Walland. The defendant explained that each of her two theft convictions were related to her addiction to crack cocaine. The defendant acknowledged that she had committed thefts against her mother and her sister and no longer had a place to stay. She testified that she intended to plead not guilty on the pending charge of prostitution and asserted that she was innocent of the other charge but had already been sentenced to time served. The defendant acknowledged that she had relapsed on several occasions during the course of her treatment. She expressed a desire to receive a community corrections sentence involving a jail term and continuing drug treatment.

At the conclusion of the hearing, the trial court ruled as follows:

[T]he court is of the opinion and finds that the public's welfare and best interest and your welfare and best interest dictate[] that your probation be revoked, that you be remanded to the Department of Correction . . . to serve the balance of your sentence.

In the meantime, you're in the custody of the Sheriff of Blount County. Five times before wouldn't help; I don't believe the sixth one is worth trying and spending the taxpayers money . . . . There will be some help for you in the system, and I hope that you will take advantage of it.

Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e) (Supp. 2000); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

In this instance, the defendant has been unable to establish that the trial judge did not exercise a conscientious and intelligent judgment. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). The defendant conceded that she had violated the terms of her probation and had repeatedly failed to take advantage of a variety of drug treatment programs offered by the courts. When asked by the defendant to consider an alternative sentence in the community corrections program, the trial court refused based upon the defendant's prior unsuccessful efforts to adhere to the terms of a drug treatment program.

Tennessee law provides that, upon a finding that the defendant has violated the terms of probation, a trial court may order that the defendant be incarcerated for the remainder of his sentence. Tenn. Code Ann. §§ 40-35-310, -311(e) (Supp. 2000). The trial court's determination that the defendant serve a sentence of incarceration will not be overturned absent an abuse of discretion. See Harkins, 811 S.W.2d at 82.

Because the defendant acknowledged that she had continued to use cocaine during her treatment and because she was unsuccessful in completing the various treatment programs offered by the trial court and the probation officer, this court cannot say that the trial court abused its discretion by ordering service of the sentence.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE